UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIA BAKARI, | : | Case No. 3:10-cv-250 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BRUCE MAY, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY DENYING DEFENDANTS'
MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988 (DOC. 17)**

This civil action is before the Court on the Defendants' Motion for Attorney Fees. (Doc. 17).  Plaintiff filed a Response [in Opposition] to Defendants' Motion (Doc. 18) and Defendants subsequently filed a Reply (Doc. 19).  Defendants' Motion for Attorney Fees is now ripe for decision.

This case involved allegations that, in 2004, Plaintiff's son, Umoja Bakari, cooperated with law enforcement in solving a murder.  Plaintiff alleged that, despite her son's cooperation, he was indicted on numerous drug related charges.  Following the indictment, Plaintiff alleged that Defendants sought to "seize property both real and personal of Umoja Bakari" and searched "the homes of Maria Bakari's family[.]"

Plaintiff also alleged that articles printed in the *Dayton Daily News* contained statements from law enforcement referencing an investigation into Umoja Bakari's alleged "drug enterprise," and referencing his assistance in solving the murder.  Plaintiff alleged that the alleged statements in the newspaper amounted to a breach the cooperation agreement between her son and law enforcement.

Plaintiff's Complaint asserted claims pursuant to 42 U.S.C. § 1983, alleging that: (1) the alleged searches "of the residences of the Plaintiffs' family" violated her Fourth Amendment right to be free of unreasonable search and seizure; (2) the alleged breach of the cooperation agreement between Defendants and Umoja Bakari violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; and (3) the statements about Plaintiff's son in newspaper amounted to a "media conviction" that "violated her right to the due process of law" under the Sixth Amendment. (Doc. 1). Plaintiff also asserted a civil conspiracy claim, as well as state law tort claims of intentional and negligent infliction of emotional distress. (*Id.*)

Defendants moved for judgment on the pleadings. (Doc. 8). Following a full briefing of the Motion, the Court granted Defendant's Motion and dismissed Plaintiff's claims. (Doc. 14). Defendants now move for an award of attorney fees pursuant to 42 U.S.C. § 1988(b). (Doc. 17).

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). However, "[s]ection 1988(b) does not authorize attorney's fees to the prevailing party in state law claims." *Denton v. Rievley*, No. 1:07-cv-211, 2010 WL 5816633, at *1 (E.D. Tenn Dec. 9, 2010). Moreover, "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).

In fact, the Sixth Circuit has stated that "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986)).

Here, in the first instance, the Court's dismissal of Plaintiff's state law claims in counts five and six of the Complaint does not give rise to a right of the Defendants to recover their attorney fees. *Denton v. Rievley*, *supra*.

Moreover, although Plaintiff's Fourth Amendment claim was dismissed based on Plaintiff's failure to present sufficient factual allegations to survive the motion to dismiss standard, the Court does not equate Plaintiff's inadequate pleading of her Fourth Amendment claim with "truly egregious misconduct." *Riddle*, 266 F.3d at 547; *see also Shipwash v. Knox County*, No. 3:08-cv-186, 2009 WL 560001, at *6 (E.D. Tenn. Mar. 5, 2009).

Likewise, although Plaintiff's Eighth Amendment claim was dismissed because Plaintiff lacked standing to assert claims based on the rights of her son,[1] and because Plaintiff was never convicted of a crime, and, therefore, her rights were never implicated,[2] the Court in its discretion declines to find that the pleading of this claim constitutes "truly egregious misconduct." *Riddle*, 266 F.3d at 547.

---

[1] *See Jenkins v. Carruth*, 583 F. Supp. 613, 616 (D.C. Tenn. 1982) (concluding that a husband did not have standing to assert claims under § 1983 for the alleged "deprivation by a third party of the civil rights of his wife"), *judgment aff'd* 734 F.2d 14 (6th Cir. 1984).

[2] *See Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999) (stating that "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law") (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977)).

Similarly, although Plaintiff's Sixth Amendment claim was dismissed because Plaintiff lacked standing to assert alleged violations of her son's constitutional rights, the Court in its discretion declines to find that the pleading of this claim constitutes "truly egregious misconduct." *Id*.

Finally, in a consistent vein, the Court concludes that Plaintiff's assertion of a civil conspiracy claims, based on the alleged underlying constitutional claims, did not rise to the level of "truly egregious misconduct." *Id*.

For the foregoing reasons, Defendants' Motion for Attorney's Fees (Doc. 17) is **DENIED.**

    **IT IS SO ORDERED**.

Date: August 31, 2011

                                                  Timothy S. Black
                                                  United States District Judge